**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

v.

COREY PARTICK SAFFELL,
CEASAR ENRIQUE MENDOZA,
and ROBERT EDWARD EMBLY,

Case No. 5:24-cr-00062-MIS

Defendants.

**<u>ORDER DENYING DEFENDANTS' MOTION TO CONTINUE</u>**

THIS MATTER is before the Court on Defendant Robert Edward Embly's ("Defendant Embly") Motion to Continue Sentencing, ECF No. 290, filed on July 10, 2026, and Defendant Enrique Mendoza's ("Defendant Mendoza") Motion to Supplement, ECF No. 294, filed on July 14, 2026. The Government filed a response to the Motion to Supplement on July 15, 2026. ECF No. 295. Upon review of Defendants' Motions, the record, and the relevant law, the Court will deny Defendants' Motions.[1]

Defendants request the Court continue their sentencing, scheduled for August 6, 2026, for 60 days. Mot. to Continue at 1, ECF No. 290; Mot. to Suppl. at 2, ECF No. 294. Defendants' trial concluded seventeen months ago. ECF No. 245. Defendants were initially scheduled to be sentenced thirteen months ago. ECF Nos. 247, 248. The Court granted Defendant Mendoza's first motion to continue sentencing, ECF No. 258, and rescheduled sentencing for September 9, 2025, ECF Nos. 259, 260. Then Defendant Embly moved to continue sentencing. ECF No. 264. The Court granted that motion as well, ECF No. 269, and, on June 9, 2026, scheduled sentencing for August 6, 2026. ECF Nos. 288, 289.

---

[1]     The Court already issued a Minute Order to this effect. ECF No. 297.

Now Defendants Embly and Mendoza move again to continue sentencing. Both Defendants are out on bond. *See* ECF Nos. 261, 270.

Defendant Embly gives three reasons for his request. First, Defendant's Counsel scheduled a jury exercise in a different case on the same day as sentencing, the costs of which are not refundable. Mot. to Continue at 1, ECF No. 290. Second, Defendant Embly has had material changes to his health over the last year and a half and needs to time to "collect voluminous medical records and correspond with medical providers prior to sentencing." *Id.* at 2. Third, Defendant Mendoza has filed a Motion for Mistrial, based on "newly discovered allegations of jury misconduct." *Id.*; *see also* Mot. for Mistrial, ECF No. 291.

Defendant Mendoza desires a continuance "so that the parties will have adequate time to review the trial transcripts, respond to the pending mistrial motion, and review and discuss other trial issues before standard appellate review." Mot. to Suppl. at 2, ECF No. 294. Defendant Mendoza's counsel "had to read the voluminous trial transcripts" already to prepare the Motion for Mistrial. *Id.* at 2.

The Government does not oppose the continuance and requests time to deal with a family medical matter and review the trial transcripts related to the Motion for Mistrial. Resp. at 2, ECF No. 295.

Reviewing a Motion to Continue requires the Court to examine "four factors: (1) the diligence of the party seeking the continuance; (2) the likelihood the continuance, if granted, would have accomplished the stated purpose; (3) the inconvenience to the opposing party, witnesses, and the court; and (4) the need for the continuance and any harm resulting from its denial. *United States v. Glaub*, 910 F.3d 1334, 1345 (10th Cir. 2018) (citation omitted). "The final factor is the most

important." *United States v. Orr*, 692 F.3d 1079, 1100 (10th Cir. 2012) (citation omitted). The factors favor denial, and the Court will deny Defendants' Motion accordingly.

The Court has no reason to find any of the counsel particularly diligent. Upon learning that Defendant Embly's counsel had scheduled a non-refundable event, the Court reached out and offered an alternative date for sentencing. Counsel did not respond. As for the Motion for Mistrial, the juror who reported the misconduct contacted Defendant Medoza's counsel "many months" after trial, a period which could be a year or more ago. Mot. to Suppl. at 1, ECF No. 294. And Defendant Mendoza's counsel conferred with the "new [G]overnment counsel," about the juror, Mot. to Suppl. at 1, ECF No. 294. The newest Government counsel was appointed fourteen months ago. ECF No. 257. The Parties have had access to the trial transcripts since January 2026. *See* ECF Nos. 274-84. Although the juror did not sign an affidavit until late June 2026, ECF No. 291-1, and Defendant Mendoza did not file the Motion for Mistrial until July 13, 2026, ECF No. 291, it seems all parties have been aware of the potential Motion for Mistrial for months and had access to the trial transcripts, yet have done little. The first factor does not favor a continuance.

As to the second factor, whether a continuance would accomplish the stated purpose, the Court finds it would not. All Parties seem to wish to have more time to prepare for the Motion for Mistrial, but they have apparently been aware of the potential for the Motion and had time to get ready for it. The Court does not find that a continuance is warranted to allow any party to respond or reply to, or prepare for the hearing on, the Motion for Mistrial.

As for the other reasons for continuance, there are two Government attorneys assigned to the case and therefore the Government does not need extra time to prepare for sentencing. Defendant Embly has been aware of impending sentencing, and the impact on his medical care, for over a year. Putting off sentencing now will only create the possibility of further medical

3

changes. Although a continuance will assist Defendant Embly's counsel, the second factor does not favor a continuance overall.

As to the third factor, a delay would significantly inconvenience the Court. This is Defendants' third request for a continuance. *See* ECF Nos. 256, 260. The Court scheduled sentencing five weeks ago and has little space to move it backward in the calendar. A continuance of 60 days would place sentencing in early October, but the Court is largely unavailable in October. In November, Defendant Embly's counsel is in trial during the first week and the Court has trial in the second week. A continuance, therefore, might end up lasting until mid to late November and may displace other Court requirements. The third factor does not favor a continuance.

Finally, as to the most important factor, the Court sees little harm in denying the instant Motion. The Parties have been aware of potential for the Motion for Mistrial for months, even if it was only recently filed, and have time regardless to brief the Motion. The Government has two attorneys, either of which can cover the sentencing. Defendant Embly has had five weeks, and has three more weeks, to gather his medical materials. And the Court will accept any medical issues proffered by Defendant at sentencing. At most, sentencing may impact Defendant Embly's counsel. The fourth factor does not favor a continuance.

As all four factors favor denial, the Defendant's Motion for Continuance is denied.

Accordingly, it is **HEREBY ORDERED** that Defendant Embly's Motion to Continue, ECF No. 290, and Defendant Mendoza's Motion to Supplement, ECF No. 294, is **DENIED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

4