IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                                                  No. 5:24-cr-00062-MIS

CEASAR ENRIQUE MENDOZA,
ROBERT EDWARD EMBLY, a.k.a.
"EDDIE,"

     Defendants.

**UNITED STATES' UNOPPOSED MOTION TO DISMISS
UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 48(a)**

The United States respectfully requests that this Court dismiss all charges in the Superseding Indictment against Defendants Mendoza and Embly with prejudice. The government believes the Defendants did not receive a fair trial and it accordingly does not wish to spend time and energy defending their convictions on appeal. Defense counsel have been contacted and state that they do not oppose this motion.

**I.      Governing law**

Federal Rule of Criminal Procedure 48(a) provides in relevant part that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." The government may bring a Rule 48(a) motion even if a jury has already returned a verdict. *See, e.g.*, *United States v. Weber*, 721 F.2d 266 (9th Cir. 1983) (meritorious Rule 48(a) motion filed after defendant's conviction was on appeal); *United States v. Hamm*, 659 F.2d 624, 629 n.16 (5th Cir. 1981) (en banc) (reversing district court decision that gave less deference to the Government's desire to terminate a prosecution because the motion was filed after conviction and before sentencing; Rule 48(a)'s standards apply "regardless of the stage of the prosecution at

which the Government moves to dismiss the indictment"); *see also Rinaldi v. United States*, 434

U.S. 22, 30 (1977) (noting that Rule 48(a) motion was filed after jury verdict).

A district court's discretion to deny such a motion is limited. "The principal object of

[Rule 48(a)'s] leave of court requirement is apparently to protect a defendant against

prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the Government

moves to dismiss an indictment over the defendant's objection." *Rinaldi*, 434 U.S. at 29 n.15.

While leave of court is required, "[a] court is generally required to grant a prosecutor's Rule

48(a) motion to dismiss unless dismissal is clearly contrary to manifest public interest." *United

States v. Carrigan*, 778 F.2d 1454, 1463 (10th Cir. 1985) (citations and internal quotation

omitted).

While courts have not set forth an exhaustive definition of what sort of dismissals are

"clearly contrary to manifest public interest," mere disagreement with the government's decision

to not to continue prosecuting a case does not qualify. *Hamm*, 659 F.2d at 631 ("[T]he prosecutor

is the first and presumptively the best judge of where the public interest lies. The trial judge

cannot merely substitute [its] judgment for that of the prosecutor."). "Separation of powers

concerns generally require a district court to defer to the government's decision to seek a

dismissal of a criminal charge because a denial of the government would represent an intrusion

upon prosecutorial prerogative." *United States v. Gonzalez*, 58 F.3d 459, 461 (9th Cir. 1995)

(reversing district court's denial of a Rule 48(a) motion). The "'leave of court' authority gives no

power to a district court to deny a prosecutor's Rule 48(a) motion to dismiss charges based on a

disagreement with the prosecution's charging authority. For instance, a court cannot deny leave

of court because of a view that the defendant should stand trial notwithstanding the prosecution's

desire to dismiss the charges…. The authority to make such determinations remains with the

Executive." *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016) (citation omitted); *see also United States v. Papke*, 149 F.4th 1169, 1188 (10th Cir. 2025) (favorably citing this statement in *Fokker*); *United States v. Bernard*, 42 F.4th 905, 909 (8th Cir. 2022) (reversing district court's denial of a Rule 48(a) motion).

Rather, "[courts] that have elucidated this 'public interest' test have stressed how 'severely cabined' it is, 'equat[ing] a dismissal that is clearly contrary to the public interest with one in which the prosecutor appears motivated by bribery, animus towards the victim, or a desire to attend a social event rather than trial'—in other words, bad faith." *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 141 (2d Cir. 2017). There is a presumption of good faith on the part of the government in seeking the dismissal of charges. *See Rinaldi*, 434 U.S. at 30 ("Our examination of the record has not disclosed (*and we will not presume*) bad faith on the part of the Government at the time it sought leave to dismiss the indictment against petitioner.") (emphasis added). The presumption is dispositive "in the absence of clear evidence to the contrary." *United States v. Armstrong*, 517 U.S. 456, 464 (1996).

## II.    Reasons and facts supporting dismissal

A Rule 48(a) motion must set forth "the prosecutor's reasons for seeking to dismiss" and "the facts underlying the prosecutor's decision." *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984). The government seeks dismissal for the following reasons:

1.    As set forth in the United States' Response to Defendant's Motion for a Mistrial (Doc. 305), and at the August 4, 2026, hearing on that pleading, the Government has concluded that Defendants Embly and Mendoza received an unfair trial. The Government erroneously induced this Court to exclude evidence of John Doe's methamphetamine use and evidence that a methamphetamine overdose was the cause of his death. On the excessive-force and failure-to-

intervene counts, Doe's methamphetamine use was relevant to whether Doe was resisting arrest or not. Its probative value exceeded the danger of unfair prejudice, because whether Doe was resisting arrest was a disputed material issue at trial. The Government increased the probative value of the evidence and the prejudice resulting from its exclusion by arguing that Doe was not resisting, and by offering testimony and argument supporting different, more sympathetic explanations for Doe's behavior. As for the deliberate-indifference count, the Government elicited testimony and presented argument suggesting that the tasings caused Doe's serious medical condition although the Government did not present any evidence of a causal connection between the two. The Government does not believe that Defendants should be sentenced at all based on these defective convictions.

2.      The Government requested the lesser remedy of a new trial because it was willing to consider whether it could still proceed with the charges if the methamphetamine evidence were admitted, although that evidence may make it more difficult to obtain convictions. But the Court has denied that motion, so a new trial is no longer an option. Now, Defendants will presumably be sentenced and appeal their convictions and sentences. The Government has no desire to spend time and energy defending convictions on appeal that it believes were not fairly obtained and likely will not be affirmed. The Government believes its prosecutorial resources should be devoted instead to other matters.

## III.    No reason exists to deny the motion.

### A.  This motion is not filed for the purpose of harassing Defendants.

As noted above, the primary reason for Rule 48(a)'s leave-of-court requirement is to ensure that the Government "is apparently to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the Government moves to dismiss

4

an indictment over the defendant's objection." *Rinaldi*, 434 U.S. at 29 n.15. Here, the Government is moving to dismiss the charges with prejudice, so no potential for harassment exists.[1] Indeed, "[w]here a defendant consents to the government's move to dismiss, it is not clear that the district court has any discretion to deny the government's motion." *United States v. Garcia-Valenzuela*, 232 F.3d 1003, 1008 (9th Cir. 2000); *see also Rinaldi*, 434 U.S. at 29 n.15 (reserving the question of whether a district court has any discretion to deny a Rule 48(a) motion where a defendant consents to the motion).

**B.  The Government's reasons are not clearly contrary to manifest public interest.**

Although it is not the Government's burden to show that the reasons for dismissal are in the public interest, *Hamm*, 659 F.2d at 631, the reasons set forth above are fully consistent with the public interest. The Government does not wish to proceed to sentencing for convictions that it believes were secured in an unfair trial and it does not wish to spend time or energy defending those convictions or the resulting sentences on appeal.

The desire to avoid unfair convictions and to allocate resources more productively are not considerations that are "clearly contrary to the public interest." *Rinaldi*, 434 U.S. at 28 n.15. The government's conclusion that a conviction is unjust is a quintessentially appropriate reason justifying a Rule 48(a) motion. *See, e.g., Weber*, 721 F.2d at 268-29 (reversing district court's denial of Rule 48(a) motion where government moved to dismiss because had developed reasonable doubt about the guilt of the defendant; "it is the duty of the United States Attorney not simply to prosecute, but to do justice") (citing *Berger v. United States*, 295 U.S. 78, 88 (1935)).

---

[1] Even if the Government had moved to dismiss the charges without prejudice, no potential for harassment would exist. The incident at issue in this case occurred on July 31, 2021, and the five-year statute of limitations would bar any new charges arising from it.

CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court grant this motion and dismiss the charges in the Superseding Indictment against Defendant Mendoza and Defendant Embly with prejudice.

Respectfully submitted,

TODD BLANCHE
Acting Attorney General
RYAN ELLISON
First Assistant United States Attorney

***Electronically filed on August 5, 2026***
MARIA Y. ARMIJO
Assistant United States Attorney
200 N. Church Street
Las Cruces, New Mexico 88001
(575) 323-5290

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

/s/ *Maria Y. Armijo*
MARIA Y. ARMIJO
Assistant United States Attorney