**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

     Plaintiff,

     vs.                                                                 No. 24-CR-0062-MIS-3

ROBERT EDWARD EMBLY,

     Defendant.

**UNOPPOSED MOTION OF DEFENDANT ROBERT EMBLY FOR RELEASE
PENDING APPEAL**

Defendant Robert Embly moves this Court, with the consent of the Government, to continue his release on conditions of supervision after sentencing and pending the disposition of the appeal of this case. The Court has already ordered—over the Government's objection at that time—Mr. Embly's release post-verdict and pre-sentencing, which is the exact same standard, except for the additional requirement "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, [or] a sentence that does not include a term of imprisonment." 18 U.S.C. § 3143(b)(1)(B)(i)-(iii) (enumeration omitted). If the Court makes such a finding, then release is mandatory. *See* § 3143(b)(1) ("If the judicial officer makes such findings, such judicial officer *shall* order the release of the person . . . ." (emphasis added)).

**ARGUMENT**

Release post-verdict, pre-sentencing is governed by § 3143(a), while release post-sentencing pending appeal is governed by § 3143(b). The latter standard requires that the Court find:

**(A)**    by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

**(B)**    that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

    **(i)**    reversal,

    **(ii)**    an order for a new trial,

    **(iii)**    a sentence that does not include a term of imprisonment, or

    **(iv)**    a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

The Court has already "f[ou]nd by clear and convincing evidence that the defendants aren't likely to flee or pose a danger to any other person in the community," Transcript of Post-Trial Proceedings at 30:24-31:2 (taken Feb. 24, 2025) (Doc. No. 282) (filed Jan. 6, 2026) ("Tr."), which is the main predicate of a post-verdict, pre-sentencing release order, as well, *see* 18 U.S.C. § 3143(a)(1).[1] These findings are even more well supported now, given that (1) the Government opposed release then, and it joins the request now; (2) the Defendants have been on post-verdict, pre-sentencing release for over a year-and-a-half now, without any issues; and (3) during that

---

[1] Section 3143(b) also bars release pending appeal for "a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment." 18 U.S.C. § 3143(b)(2) (N.B.: This prohibition does not apply if a non-incarceration sentence is imposed, or if the § 3145(c) "exceptional reasons" standard is met.). None of the offenses of conviction here fall into any of these categories, as the Court has also already concluded—since § 3143(a)(2) also bars defendants with any of this same set of convictions from being released pending sentencing, unless additional findings are made that were not made (or even considered, since they are inapplicable) in the Court's post-verdict release ruling. Furthermore, the Court can order release if "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). The circumstances of this case at this point are nothing if not exceptional.

year-and-a-half, they frankly had *much* greater reason to flee—*i.e.*, likelihood of going to prison for a long time—than they do right now, when the Government is actively joining the defense in its view that the verdict should not stand and no prison sentence should be imposed.

As for the last part of the inquiry, the Tenth Circuit has held that "a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous," and "a 'substantial' question under § 3143(b)(2) 'is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful.'" *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985) (citations omitted). To be very clear, the standard does *not* "'require the district court to predict the probability of [its own] reversal,'" and a defense-favorable finding is in no way a concession of error by the Court. *Id.* at 953 n.14 (citation omitted). Rather, a "'substantial question' is one that is 'fairly doubtful,'" and "that definition is synonymous with 'fairly debatable.'" *United States v. Handy*, 761 F.2d 1279, 1282 (9th Cir. 1985) (citation and footnote omitted). In short, it is just "a 'close' question or one that very well could be decided the other way." *Affleck*, 765 F.2d at 952 (internal quotation marks and citation omitted).

Here, of course, for reasons that need not be rehashed, the Government has agreed with the defense that the Defendants did not receive a fair trial and that certain rulings are "highly likely to result in the reversal of these convictions." United States' Response to Defendant's Motion for Mistrial at 6 (Doc. No. 305) (filed July 27, 2026); *id.* at 2 ("[T]he Government has significant concerns regarding the viability of the convictions on appeal . . . ."). The Court has disagreed with the merits of the parties' position, *see* Minute Order Denying Motion for Mistrial (Doc. No. 310) (filed Aug. 5, 2026), but it must certainly agree that it is a "fairly debatable" one—the fact that the Government outright supports a given position is probably definitive proof of its fair debatability

(at least in the context of an adversarial proceeding conducted under our system of separation of powers).

## CONCLUSION

The Court should order that Mr. Embly remain released on the same conditions of supervision under which he has complied so assiduously throughout both his pretrial and post-trial periods.

Respectfully submitted,

HARRISON & HART, LLC

By: _____
     Carter B. Harrison IV
924 Park Avenue SW, Suite E
Albuquerque, NM 87102
Tel:  (505) 295-3261
Fax:  (505) 341-9340
Email:  carter@harrisonhartlaw.com

*Counsel for Defendant Robert Embly*

**This Filing Has No Exhibits**

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August 2026, I filed the foregoing Motion electronically via the Court's CM/ECF filing system, causing a copy of it to be served on all counsel of record.

HARRISON & HART, LLC

By:  */s/  Carter B. Harrison IV*
      Carter B. Harrison IV

4