IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
     Plaintiff,

v.                             No. 24-CR-62 MIS

COREY PATRICK SAFFELL,
CEASER ENRIQUE MENDOZA,
and ROBERT EDWARD EMBLY,
     Defendants.

**CRIME VICTIMS' MOTION FOR APPOINTMENT OF AMICUS CURIAE TO BRIEF THE UNITED STATES' UNOPPOSED MOTION TO DISMISS (DOC. 312)**

The family of Hector Nava, his mother, four sisters, and daughter (collectively, the "Nava Family"), through undersigned victim-advocate counsel, respectfully move this Court, pursuant to its inherent authority and 18 U.S.C. § 3771(a)(4) and (a)(5), for an order appointing amicus curiae to brief the merits of the United States' Unopposed Motion to Dismiss Under Federal Rule of Criminal Procedure 48(a) (Doc. 312). The Nava Family respectfully suggest that the Court consider the appointment of Mark Baker for this role. In support, the Nava Family state as follows.

**INTRODUCTION**

Doc. 312 asks this Court to dismiss, with prejudice, jury convictions obtained after a full trial on charges arising from the death of Hector Nava. The motion is unopposed by the only two parties before the Court: the Government, which filed it, and Defendants, who do not resist it. No party with an interest in sustaining the convictions will present the Court with the arguments, authority, or record citations that would support denying the motion or that bear on whether dismissal is, in the words of the governing standard, "clearly contrary to manifest public interest." *United States v. Carrigan*, 778 F.2d 1454, 1463 (10th Cir. 1985); *accord United States v. Romero*, 360 F.3d 1248 (10th Cir. 2004).

This is precisely the circumstance in which courts appoint amicus counsel: where the adversarial process that ordinarily tests a party's motion is absent, and the Court would otherwise be asked to rule on a significant question—here, whether to dismiss with prejudice convictions the jury already returned—

1

without the benefit of briefing from anyone positioned to identify the strongest arguments on the other side. The Nava Family, who both have a direct statutory interest in these proceedings under the CVRA and firsthand knowledge of the trial record, respectfully ask the Court to appoint amicus curiae to ensure the motion receives full and fair consideration before it is decided.

## BACKGROUND

1. Hector Nava died in custody following his encounter with the defendants. Because Mr. Nava is deceased, his family members assume his rights under the CVRA. 18 U.S.C. § 3771(e)(2).

2. A jury convicted Defendants Mendoza and Embly following a full trial. On July 27, 2026, the Government filed a response to Defendant Mendoza's motion for mistrial in which it stated, for the first time, that it did not oppose a new trial and that it had concerns regarding the appellate viability of the convictions (Doc. 305).

3. On August 5, 2026, the Court denied the motion for mistrial. That same day, the Government filed its Unopposed Motion to Dismiss Under Federal Rule of Criminal Procedure 48(a) (Doc. 312), asking the Court to dismiss all charges against Defendants Mendoza and Embly with prejudice. Doc. 312 states that defense counsel do not oppose the motion. Doc. 312 at 1.

4. The Nava Family separately moved for a finding that the Government violated their right to confer under 18 U.S.C. § 3771(a)(5) in connection with the decision underlying Doc. 312. The Court has continued the hearing on that motion. This motion for appointment of amicus curiae is filed in connection with, but is distinct from, that pending motion, and concerns the merits of Doc. 312 itself rather than the process by which the Government reached its decision.

## ARGUMENT

**I.**      ***This Court has authority to appoint amicus curiae, and doing so is appropriate where a motion is unopposed by every party before the Court.***

District courts possess inherent authority to permit and appoint amicus curiae to assist in the resolution of matters before them, particularly where the ordinary adversarial process will not test the arguments presented. "The extent, if any, to which an amicus curiae should be permitted to participate in a

pending action is solely within the broad discretion of the district court." *Waste Mgmt. of Pennsylvania, Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995).

The Supreme Court has repeatedly exercised the corollary authority that matters here—appointing amicus curiae to brief and argue in support of a judgment when the party that prevailed below will no longer defend it. *See United States v. Sineneng-Smith*, 590 U.S. 371, 140 S. Ct. 1575, 1579-80 (2020) (collecting cases in which the Court appointed amicus curiae "to present argument in support of the judgment below when a prevailing party has declined to defend the lower court's decision or an aspect of it"). It has done so specifically in criminal cases in which the United States abandoned the judgment. *See Pepper v. United States*, 562 U.S. 476, 484 n.1 (2011) (appointing amicus "in support of the Court of Appeals' judgment" after the Government confessed error); *Terry v. United States*, 593 U.S. 486, 490 n.* (2021) (appointing amicus "to argue in support of the judgment" after the United States advised that "it would no longer defend the judgment"). The same reasoning applies with equal force in the trial court when a dispositive motion stands unopposed by every party.

That the motion is unopposed does not lessen the need for adversarial testing; it is what creates the need. The Supreme Court has long held that even where the Government confesses error or declines to defend a criminal judgment, that concession "does not relieve this Court of the performance of the judicial function," and the court's "judicial obligations compel us to examine independently the errors confessed." *Young v. United States*, 315 U.S. 257, 258-59 (1942); *accord Gibson v. United States*, 329 U.S. 338 (1946). As the Court explained, "the proper administration of the criminal law cannot be left merely to the stipulation of parties." *Young*, 315 U.S. at 259. Appointing amicus is the ordinary means by which a court obtains the adversarial presentation needed to discharge that independent duty.

That circumstance exists here. Doc. 312 is unopposed by the Government, which filed it, and unopposed by Defendants, who benefit from it. No party before the Court has any incentive to identify the case law, record evidence, or public-interest considerations that might counsel against dismissal with prejudice, or to test whether the Government's stated reasons meet the "clearly contrary to manifest public interest" standard. *Carrigan*, 778 F.2d at 1463; *Romero*, 360 F.3d 1248; *Rinaldi v. United States*, 434 U.S.

22, 30 (1977). Absent amicus participation, the Court would decide a consequential, unopposed motion, one seeking to unwind jury convictions with prejudice—having heard from only the side that filed it.

To be clear, appointing amicus does not ask this Court to inject issues the parties have not raised or to abandon the party-presentation principle. *See Sineneng-Smith*, 140 S. Ct. at 1579. It asks the opposite: that the Court hear a full defense of the very issue Doc. 312 squarely presents—whether the convictions should be dismissed—before it rules. Rule 48(a) itself makes that issue the Court's to decide through its "leave of court" requirement, and Tenth Circuit law directs that "the trial court must be informed of the prosecutor's reasons for dismissing the indictment and the factual basis for the prosecutor's decision." *United States v. Strayer*, 846 F.2d 1262, 1265 (10th Cir. 1988). Amicus briefing is the means of ensuring the Court has what it needs to perform that function.

II. ***Appointment of amicus curiae is particularly warranted given the Nava Family's statutory interest in these proceedings and the posture created by the Government's own filings.***

The CVRA affords the Nava Family the right to be "reasonably heard" at any public proceeding involving release, plea, or sentencing, 18 U.S.C. § 3771(a)(4), and the reasonable right to confer with the attorney for the Government, *id*. § 3771(a)(5). Both rights are diminished if the only briefing the Court receives on Doc. 312 comes from the party that filed it. Appointment of amicus curiae does not transform the family into a party to this criminal proceeding, does not require the Court to depart from the deferential standard Rule 48(a) motions ordinarily receive, and does not ask the Court to substitute its judgment for the Government's charging discretion. It asks only that the Court have the benefit of full briefing before exercising the discretion Rule 48(a) itself vests in the Court through its "leave of court" requirement. *See Rinaldi*, 434 U.S. at 29 n.15.

The leave-of-court requirement is not a formality. It exists in part "to allow courts to consider public interest, fair administration of criminal justice and preservation of judicial integrity when evaluating motions to dismiss." *Strayer*, 846 F.2d at 1265. A court cannot meaningfully weigh those interests on a one-sided submission. Amicus briefing supplies the adversarial development that the standard presupposes.

4

This is especially warranted here because the Government's own filings establish that Doc. 312 was prepared before the family was meaningfully consulted, *see* Nava Family Mot. re: CVRA Violation (filed Aug. 5, 2026) ¶¶ 4-11, and because the reasoning in Doc. 312 largely restates positions the Government had already taken in Doc. 305 before the family had any opportunity to respond to the dismissal decision specifically. Amicus briefing would allow the Court to evaluate Doc. 312 on a complete record, independent of whatever the Court determines regarding the conferral issues raised in the family's separate motion.

### III.      *Mark Baker is well suited to serve as amicus curiae in this matter.*

Mark T. Baker is a shareholder at Peifer, Hanson, Mullins & Baker, P.A. in Albuquerque, New Mexico, and a former Assistant United States Attorney for the District of New Mexico. As an AUSA, Mr. Baker had primary responsibility for prosecuting criminal civil rights cases in this District and served as lead counsel in federal jury trials involving violent felonies, giving him direct, relevant experience with the type of prosecution, trial record, and civil-rights subject matter at issue in this case. He has briefed and argued civil and criminal appeals before the United States Court of Appeals for the Tenth Circuit—the same court whose precedent governs the Rule 48(a) standard applicable to Doc. 312, as well as before the New Mexico Supreme Court and New Mexico Court of Appeals.

Mr. Baker is a Fellow of the American College of Trial Lawyers and is recognized in The Best Lawyers in America and Chambers USA, including in the category of Litigation: White Collar & Government Investigations. He served as Chair of the Magistrate Judge Merit Selection Panel for the District of New Mexico from 2010 through 2022 and as Vice Chair of the New Mexico Civil Rights Commission from 2019 to 2020, and he regularly teaches Civil Rights Litigation and Evidence & Trial Practice as an adjunct professor at the University of New Mexico School of Law. This background reflects both substantive expertise in the issues Doc. 312 presents and a longstanding record of service to the federal courts of this District.

Undersigned counsel has contacted Mr. Baker, who has confirmed his willingness to serve as amicus curiae in this matter if appointed by the Court. Undersigned counsel is not aware of any conflict between Mr. Baker and the parties to this action.

The Nava Family respectfully submit that Mr. Baker's background makes him well positioned to provide the Court with independent, well-supported briefing on the issues raised by Doc. 312. The family defer, however, to the Court's own judgment as to the appropriate appointee and would not oppose the appointment of any other qualified amicus counsel the Court deems suitable.

## CONCLUSION

For the foregoing reasons, the Nava Family respectfully request that the Court enter an order: (1) appointing amicus curiae to brief the merits of the United States' Unopposed Motion to Dismiss (Doc. 312), including whether dismissal with prejudice is clearly contrary to manifest public interest under Rule 48(a); (2) appointing Mark Baker to serve in that capacity, or such other amicus as the Court deems appropriate; (3) setting a briefing schedule for amicus's submission and any response; and (4) granting such other relief as the Court deems just.

Based on the nature of this motion, it is assumed that both the defendants in this matter as well as the government oppose this motion.

Respectfully submitted,
**LAW OFFICE OF ISRAEL CHAVEZ**
*/s/ Israel S. Chavez*
Israel S. Chavez
P.O. Box 16028
Las Cruces, New Mexico 88004
Telephone: 575-312-6006
attorney@ichavezlaw.com
*Victim-Advocate Counsel for the Family of Hector Nava*

## CERTIFICATE OF SERVICE

I certify that on the date of filing I caused the foregoing to be served on counsel of record for the United States and for the defendants via the Court's CM/ECF system.

*/s/ Israel S. Chávez*
Israel S. Chávez
*Victim-Advocate Counsel for the Family of Hector Nava*