**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

v.

Case No. 5:24-cr-00062-MIS

COREY PARTICK SAFFELL,
CEASAR ENRIQUE MENDOZA,
and ROBERT EDWARD EMBLY,

Defendants.

**ORDER GRANTING CRIME VICTIMS' MOTION FOR A FINDING THAT THE UNITED STATES VIOLATED THE CRIME VICTIMS' RIGHTS ACT, 18 U.S.C. § 3771(a)(5), AND ORDERING A REMEDY**

THIS MATTER is before the Court on the family of Hector Nava—his mother, four sisters, and daughter (collectively, the "Nava Family")—through victim-advocate counsel Israel Chávez's Motion for a Finding that the United States Violated the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771(a)(5), and to Defer Ruling on Any Motion to Dismiss Until the Violation is Remedied ("the Motion"), ECF No. 316, filed on August 5, 2026. The Government filed a Response on August 19, 2026, ECF No. 324, to which the Nava Family filed a Reply on August 27, 2026, ECF No. 329. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Motion **AS FOLLOWS**.

## I. Relevant Background

### *A. Procedural History of the Case*

Defendant Mendoza was indicted under 18 U.S.C. § 242 for deprivation of rights under color of law by excessive force, Defendant Embly and Defendant Saffell were indicted under 18 U.S.C. § 242 for failure to intervene, and all three were indicted for deliberate indifference to a serious medical need. Superseding Indictment, ECF No. 53; Order on Superseding Indictment,

ECF No. 243. Defendant Saffell pled guilty. Plea Agreement, ECF No. 86. Because the victim, Hector Nava, died in custody following the encounter that led to these indictments, his family members assumed his rights under the Crime Victims' Rights Act. 18 U.S.C. § 3771(e)(2).

In February 2025, at the conclusion of a jury trial, Defendant Mendoza was convicted of one count of deprivation of rights by excessive force under 18 U.S.C. § 242, Jury Verdict at 1, ECF No. 245; Defendant Embly was convicted of one count of deprivation of rights by failing to intervene under § 242, *id.* at 1–2; and both Defendants were convicted of one count of deliberate indifference to a serious medical need under § 242, *id.*

Defendants were initially scheduled to be sentenced on June 10, 2025. ECF Nos. 247, 248. The Court granted Defendant Mendoza's first motion to continue sentencing, ECF No. 258, and rescheduled sentencing for September 9, 2025, ECF Nos. 259, 260. Then Defendant Embly moved to continue sentencing. ECF No. 264. The Court granted that motion as well, ECF No. 269, and, on June 9, 2026, scheduled sentencing for August 6, 2026. ECF Nos. 288, 289. On July 10, 2026, Defendant Embly again moved to continue sentencing, ECF No. 290, which the Court denied on July 15, 2026, ECF No. 299.

On July 13, 2026, Defendant Mendoza moved for a new trial based on "receipt of extraneous information" and actual and implied bias of Juror #1 because of allegations from Juror #10 that Juror #1 had looked up extraneous information about whether the taser used by the officers was "deadly." Mot. at 7–12, ECF No. 291; *see* Aff. of Juror #10, ECF No. 291-1. The Court set an August 4, 2026, hearing on the Motion for a New Trial on the same day it received the motion. ECF No. 293. The Government, in its July 15, 2026, Response filed by Assistant United States Attorney Maria Armijo, also argued for a new trial based on evidentiary decisions made by this Court. Resp. at 6–10, ECF No. 305 (arguing that Tenth Circuit would find abuse of discretion in

exclusion evidence of methamphetamine use); *id.* at 10–12 (arguing that excluding cause of death had resulted in an unfair trial).

Ahead of a hearing on the Motion for a New Trial, the Government filed victim impact statements from several members of the Nava Family on August 3, 2026. *See generally*, ECF No. 307. The Court held a hearing on the Motion for a New Trial the next day, August 4, 2026, at which the Government was represented by Assistant United States Attorneys Armijo and Emil Kiehne. On August 5, 2026, the Court issued a Minute Order denying both Defendants' Motion and the Government's request and stating that a "follow-[up] order detailing the Court's reasoning is forthcoming." ECF No. 310. Later that day, the Government filed an unopposed Motion to Dismiss pursuant to Federal Rule of Criminal Procedure 48(a). ECF No. 312. As a result of the filing, the Court continued the sentencing scheduled for August 6, 2026. Clerk's Min. of Hr'g of Aug. 6, ECF No. 319. Defendants are currently out on bond. *See* ECF Nos. 261, 270.

Soon after the Government filed its Motion to Dismiss, the Nava Family filed the instant Motion. ECF No. 316. The Motion asks the Court to enter "an order finding that the United States has violated the Nava Family's right to confer with the attorney for the Government under 18 U.S.C. § 3771(a)(5)." *Id.* at 1. The Motion also seeks a remedy that the Court will defer ruling on the Motion to Dismiss until the Government has conferred with the Nava Family. *Id.*

***B. Communication with the Nava Family***

The relevant facts supporting the Nava Family's Motion are largely undisputed. The Government conferred with the Nava Family in two meetings leading up to the August 4, 2026, hearing on the Motion for a New Trial. The first meeting occurred via teleconference on July 27, 2026. ECF No. 324 at 3. The second meeting occurred on August 3, 2026, in person. *Id.* In the August 3 meeting, representatives of the Nava Family met with Assistant United States Attorney

Maria Armijo to discuss the Government's position in support of a new trial. ECF No. 316 at 2. Members of the Nava Family expressed disappointment in the Government's position and raised "their opposition to giving up this fight without the appeal process." ECF No. 316-1. The Government has not recounted that it discussed or disclosed the steps it would consider if the Court denied the Motion for a New Trial, including a motion to dismiss. *See generally*, ECF No. 24; ECF No. 329-1 ¶¶ 25–30.[1] There is no evidence or argument that the Government conferred with the Nava Family about its intention to seek dismissal.

On August 5, 2026, at 1:12 P.M., after both the Hearing on the Motion for a New Trial and the Court's Minute Order, Ms. Armijo sent an e-mail to the Nava Family's counsel, Israel Chávez. *See* ECF No. 316-3. In this e-mail, Ms. Armijo stated that she "wanted to make [him] aware that the office has decided to move for a dismissal of the case for similar reasons outlined in our response" to the Motion for a New Trial. *Id.* After acknowledging that the Nava Family has a right to confer with the Government regarding the decision pursuant to the CVRA, Ms. Armijo requested that Mr. Chávez "set up a time (ideally before 3 p.m.) so that [the Nava Family] have an opportunity to speak with [her] prior to the filing." *Id.*

In responding on behalf of the Nava Family that day, Mr. Chávez made two requests around 2:00 P.M.: (1) that the Government would delay filing a Motion to Dismiss to allow the family time to confer and (2) that First Assistant United States Attorney Ryan Ellison, whom Mr. Chávez understood had final decision-making authority in the case, be present at the meeting. ECF No. 316-4 at pp. 2–4. Mr. Chávez also informed Ms. Armijo that he and his clients intended to meet

[1] Exhibit 1 attached to the Nava Family's Reply Brief is the Declaration of Betsy Nava-Flores. Because it was submitted in the Reply only, the Court has afforded it less weight as the Government had no opportunity to review or respond to the Declaration in its Response. The Nava Family submitted an additional Declaration of Betsy Nava-Flores in ECF No. 334.

with her in person at approximately 4:00 P.M. that day. *Id.* Ms. Armijo agreed to delay the filing until after meeting with Mr. Chávez but could not guarantee that Mr. Ellison would attend the meeting—even telephonically. *Id.* at 1–2.

Ms. Armijo met with the Nava Family, represented by Mr. Chávez, at approximately 4:00 P.M. until approximately 5:10 P.M. that day. ECF No. 324 at 4. At this meeting, Ms. Armijo stated that the Government had made the decision to seek dismissal after the Court's denial of the Motion for a New Trial. ECF No. 316 at 4. Specifically, an appellate attorney for the Government, Mr. Kiehne, reviewed the case and determined that the Government would not defend the convictions on appeal, informing the Government's decision to file a Motion to Dismiss. *Id.* Ms. Armijo also told the Nava Family that she had discussed the Motion to Dismiss with attorneys for the defendants prior to notifying the Nava Family. *Id*. Approximately twenty-five minutes after the Nava Family left the meeting with Ms. Armijo, the Government filed the Motion to Dismiss. *See* ECF No. 316 at 5, ECF No. 324 at 4. The next day, August 6, 2026, Mr. Ellison spoke with the Nava Family before the scheduled sentencing hearing for approximately 40 minutes. ECF No. 324 at 4.

**II. Legal Standard**

The Crime Victims' Rights Act affords certain rights to crime victims including the "reasonable right to confer with the attorney for the Government in the case." 18 U.S.C. § 3771(a)(5). This right is "intended to be expansive." *United States v. Heaton*, 458 F. Supp. 2d 1271, 1273 (D. Utah 2006) (quoting 150 CONG. REC. S10910-01 (daily ed. Oct. 9, 2004) (statement of Sen. Jon Kyl)). This expansive right requires "the government [to] confer in some reasonable way with the victims *before* ultimately exercising its broad discretion." *In re Dean*, 527 F.3d 391, 395 (5th Cir. 2008) (emphasis added). However, the right to confer does not "impair the

prosecutorial discretion of the Attorney General or any officer under his discretion." 18 U.S.C. § 3771(d)(6).

The primary example of the right to confer that Congress considered is "the right to confer with the government concerning any critical stage or disposition of the case." 150 CONG. REC. S10910-01 (daily ed. Oct. 9, 2004) (statement of Sen. Jon Kyl). Therefore, not only must the Government reasonably confer with victims before finalizing a decision to seek a dismissal of a case, a critical stage, but the court may also "expect to see the prosecutor recount that the victim has been consulted on the dismissal and what the victim's views were on the matter." *Heaton*, 458 F. Supp. 2d at 1273. A failure to reasonably confer with victims violates the Government's duty to "make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection (a)" of the CVRA, including the right to confer. 18 U.S.C. § 3771(c)(1).

**III. Discussion**

The Nava Family argues that because the Government discussed the decision to seek dismissal with the Nava Family after both determining it would seek dismissal of the case and discussing this decision with counsel for the Defendants, the Government failed to comply with the CVRA's requirement to confer with victims before making a final decision. ECF No. 316 at 7. Further, the Nava Family argues that even if the August 5, 2026, meeting could be considered as an opportunity to confer, the circumstances under which the meeting occurred were unreasonable. *Id.* at 8.

The Government argues that, under the circumstances, its actions in meeting with the Nava Family on August 5, 2026, were sufficiently reasonable to meet the requirements of the CVRA. ECF No. 324 at 7. In making an argument for reasonableness, the Government cites the Attorney General Guidelines which state that "[t]ime constraints" may make "pre-decision consultation with

victims…unreasonable." *Id.* (citing Attorney General Guidelines § V(G)(1)(a)). The Government contends that with "approximately 24 hours between receiving notice that the motion for mistrial was denied and the sentencing hearing[, i]t acted quickly to provide the family notice of its intention to dismiss and expressed its intention to confer with them prior to filing the motion." *Id.*

Considering the nature of the Nava Family's right to confer with the Government and the timeline of events, the Court finds that the Government—specifically Assistant United States Attorneys Ms. Armijo and Mr. Kiehne—violated the CVRA. The CVRA plainly affords a reasonable right to victims of crimes to confer with the attorney for the Government in the case, 18 U.S.C. § 3771(a)(5), and imposes a reciprocal requirement on the Government to make its "best efforts" to accord victims of crimes the right to confer. 18 U.S.C. § 3771(c)(1). Although the Court acknowledges the narrow window between its decision on the Defendants' Motion for a New Trial and the Sentencing Hearing scheduled for August 6, 2026, the Court declines to find that the Government made reasonable efforts to confer for two reasons.

First, the Government had considered and made its final decision regarding its intention to file a Motion to Dismiss before conferring with the Nava Family about its plan to seek dismissal, thus failing to afford the Nava Family a reasonable right to confer. The first time either the Nava Family or Mr. Chávez heard about the Government's decision to file the Motion to Dismiss was in Ms. Armijo's email sent approximately four hours before the Government ultimately filed. *See* ECF No. 316-3. In this email, Ms. Armijo presented the plan as a final decision, already made by the Government. *Id.* ("[T]he office has decided to move for a dismissal of the case."). After making the decision to seek dismissal, the Government only sought to provide the Nava Family with the opportunity to speak to an attorney for the Government "prior to the filing," rather than conferring with the Nava Family to allow them to inform the Government's decision. ECF No. 316-3. In

doing so, the Government gave members of the Nava Family only a few hours to prepare their thoughts about the finalized decision to seek a post-conviction dismissal—a critical stage of case.

This communication with the Nava Family falls short of the "expansive" right to confer that Congress created in the CVRA. *Heaton*, 458 F. Supp. 2d at 1273. Although CVRA rights do not alter prosecutorial discretion, these rights did require the Government to make "best efforts" to reasonably confer with the Nava Family in the decision-making process, before a decision is made. 18 U.S.C. §§ 3771(a)(5), (c)(1). Because the Government did not confer, or make any efforts to confer, with the Nava Family before finalizing its decision to seek dismissal, the Government violated the Nava Family's right to confer under the CVRA.

Second, the Government's reasonableness defense fails. The Government had been on notice about the possibility of a narrow window between the hearing on the Motion for a New Trial and the Sentencing Hearing since, at the latest, July 15, 2026. Despite this advance notice, the Government did not confer with the Nava Family about the possibility of seeking dismissal in either of the two documented meetings that occurred before the Government had completed its decision-making process.

The Court first scheduled the Sentencing Hearing for August 6, 2026, on June 9, 2026, ECF No. 289, and denied a continuance on July 15, 2026. Two days earlier, on July 13, 2026, the Court had set a hearing date for the Motion for a New Trial of August 4, 2026. ECF No. 299. Therefore, by July 15, and not August 5, the Government had notice of the short turnaround time it could have to determine its next steps after a possible denial of the Motion for a New Trial.

After July 15, the Government met with the Nava Family twice to confer about the Government's position on the Motion for a New Trial. ECF No. 324 at 3. The Government has not established that it conferred with the Nava Family about the possibility of seeking dismissal in

either meeting or otherwise. *See generally*, ECF No. 324; *see also* ECF No. 329-1 ¶¶ 25–30. Even with advance notice that it may have a prohibitively short period of time between a decision on the Motion for a New Trial and the Sentencing Hearing, the Government did not seek to confer with the Nava Family about seeking dismissal despite having at least two opportunities. Therefore, the Government's failure to confer with the Nava Family about the possibility of seeking dismissal before deciding to file the Motion to Dismiss was not reasonable under the circumstances.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Nava Family's Motion, ECF No. 316, is **GRANTED**;
2. Within seven (7) days of the filing of the Amicus Curiae's Response, and at least three (3) days before the Government files its Reply, the Government shall confer with the Nava Family regarding the Government's position on the Motion to Dismiss;
3. The Government's Reply must recount the Nava Family's views on the Motion to Dismiss.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE