IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>**COREY PATRICK SAFFELL,**<br>**CEASAR ENRIQUE MENDOZA,** and<br>**ROBERT EDWARD EMBLY, a.k.a.**<br>"Eddie."<br><br>Defendants. | ) | CRIMINAL NO.: 24-CR-0062-MIS |

**UNITED STATES'S UNOPPOSED MOTION TO RECONSIDER FINDING OF CRIME VICTIMS' RIGHTS ACT VIOLATION AGAINST AUSA EMIL KIEHNE**

The United States respectfully requests that this Court reconsider a single aspect of its ruling (Doc. 335) that the Government violated the Crime Victims Rights Act (CVRA) by not conferring with Mr. Nava's family before moving to dismiss on August 5, 2026. In that ruling, the Court found that AUSAs Maria Armijo and Emil Kiehne were responsible for the violation. Doc. 335 at 7. The Government respectfully requests that this Court reconsider its finding that AUSA Kiehne was partly responsible because the Government never involved him in deciding whether or when to consult Mr. Nava's family. Nor did AUSA Kiehne personally make any decision in the case. He was therefore not responsible for any CVRA violation. The Government does not seek reconsideration in any other respect.

**Argument**

**I. Reconsideration is appropriate.**

This Court may grant a motion to reconsider "when the court has misapprehended the facts, a party's position, or the law." *United States v. Warren*, 22 F.4th 917, 927 (10th Cir. 2022).

"The specific grounds which allow granting such motions include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Id.* The Government believes there is a need to correct clear error and prevent manifest injustice here because, as will be shown below, AUSA Kiehne was not responsible for any CVRA violation.

In general, a motion to reconsider "should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Warren*, 22 F.4th at 927. That standard does not bar reconsideration here because the Government was not on notice that such a finding might be made. In their motion, the Nava Family did not ask for a finding that AUSA Kiehne violated the CVRA. *See* Doc. 316 at 10 (requesting that this Court enter an order "finding that *the United States* violated the Nava Family's right to confer under 18 U.S.C. § 3771(a)(5)") (emphasis added). The Nava Family made no such request in their other CVRA filings either. *See* Docs. 329, 334. Thus, the Government did not elaborate on AUSA Kiehne's limited role because there was no need to do so. But the Government does so now to explain why he should not be held responsible.

## II. AUSA Kiehne did not violate the CVRA.

The Court's order granting the motion filed by Mr. Nava's family members found that the Government violated 18 U.S.C. § 3771(a)(5) of the CVRA, which provides crime victims the "reasonable right to confer with the attorney for the government in the case." *Id.* The Court found that the Government did so by informing the Nava Family of its decision to move to dismiss the criminal charges against Defendants before conferring with them and only a few hours before filing the motion to dismiss on August 5, 2026. Doc. 335 at 3-4, 7-9. The Court rejected the Government's argument that it had limited time to confer with the Nava Family,

concluding that it could have raised the possibility of dismissal with them during two prior conferral meetings, which were held on July 27 and August 3, 2026. *Id*.

AUSA Kiehne was not "the attorney for the government" responsible for conferral under 18 U.S.C. § 3771(a)(5). He is assigned to the Appeals Division of the United States Attorney's Office for the District of New Mexico (USAO) in Albuquerque. *See* Declaration of Emil J. Kiehne ("Kiehne Decl."), at ¶ 1, attached as Exhibit A. The USAO did not assign him to be counsel of record or enter his appearance, but only assigned him specific, limited tasks before the motion to dismiss was filed: (1) to review the record and provide advice to USAO management about potential appellate issues; (2) to review Defendants' motion for a mistrial and draft part of the Government's response to that motion; (3) to appear at the August 4, 2026, hearing on the new trial motion to answer the Court's questions; (4) to draft the motion to dismiss. *Id.* at ¶¶ 2-3.

The USAO never assigned AUSA Kiehne any responsibility or authority to confer with the Nava Family. Kiehne Decl., at ¶ 5. This office never consulted AUSA Kiehne about whether conferrals with the family should occur, when they should occur, or what should be discussed at them. *Id.* at ¶ 6. AUSA Kiehne has not attended or participated in any meetings with the Nava Family, including those which occurred on July 27, August 3, and August 5, 2026. *Id.* at ¶ 7. In addition, AUSA Kiehne did not decide to file the motion to dismiss or when it should be filed. *Id.* at ¶ 8.

The Court's order mentions AUSA Kiehne three times, saying: (1) that he appeared at the hearing on the motion for new trial on August 4, 2026, Doc. 335 at 3; (2) that he "reviewed the case and determined that the Government would not defend the convictions on appeal, informing the Government's motion to dismiss," *id.* at 5 (citing Doc. 316 at 4); and (3) concludes that he bore responsibility for the USAO's violation of the CVRA. *Id.* at 7.

The Government does not interpret the first mention as a finding that AUSA Kiehne violated the CVRA, because attending a hearing would not violate the Act. As for the second mention, it is incorrect to say that AUSA Kiehne "determined that the Government would not defend the convictions on appeal," because that decision can only be made by the Criminal Appellate Division of DOJ. Kiehne Decl., at ¶ 4. AUSA Kiehne did review the record and provide his evaluation of potential appellate issues to USAO management, and First Assistant U.S. Attorney Ryan Ellison did consider his evaluation in deciding to move for a new trial and later to dismiss, but as explained above, AUSA Kiehne did not decide to file the motion to dismiss, did not decide when to file it, and played no role in deciding when the Nava Family should be consulted about it. Therefore, he was not responsible for causing any violation of the CVRA.

Counsel for Defendants Embly and Mendoza have been contacted, and state that they do not oppose this motion. Counsel for the Nava Family, Israel Chavez, has informed the Government that he does not oppose this motion either; he provided the following statement in an email, which we quote in full:

> The Nava family does not oppose reconsideration of the Court's finding insofar as it attributes individual responsibility for the CVRA violation to AUSA Kiehne, based on the representations in his declaration. The family takes no position on the accuracy of matters within the Government's internal knowledge. The family's position remains that the United States violated its statutory obligation to provide meaningful conferral before deciding to seek dismissal, as the Court previously found. Any reconsideration should be expressly limited to the attribution of responsibility to AUSA Kiehne and should leave the Court's underlying CVRA finding and remedy undisturbed.

**Conclusion**

For the above reasons, the United States respectfully requests that this Court reconsider its finding that AUSA Emil J. Kiehne violated Section 3771(a)(5) of the Crime Victims Rights

Act and enter an order finding that he did not do so. The United States is not asking the Court to reconsider any other aspect of its order.

Respectfully submitted,

TODD BLANCHE
Attorney General

*/s/ Ryan Ellison 11/2/2026*
RYAN ELLISON
First Assistant United States Attorney

MARIA Y. ARMIJO
Assistant United States Attorney
200 N. Church Street
Las Cruces, New Mexico 88001
(575) 323-5290

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date, November 2, 2026.

I also served this motion on the same date by e-mail on Israel Chavez, counsel for the Nava Family.

*/s/ Maria Armijo 11/2/2026*
MARIA Y. ARMIJO
Assistant United States Attorney